UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EDDIE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-281 |
| | ) | |
| R/S LOGISTICS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se*, Eddie Holmes filed what appears to be a personal-injury negligence case. Doc. 7. The Court granted Holmes leave to proceed *in forma pauperis*. Doc. 6 at 2. It determined, however, that his Complaint was too vague to state a claim upon which relief could be granted or to allege any plausible basis for this Court's subject matter jurisdiction. *Id.* at 6. The Court directed him to file an Amended Complaint clarifying a basis for its jurisdiction. *Id.* He has complied. Doc. 7.

The Clerk construed Holmes' original, informal Complaint as asserting claims against several defendants. In addition to R/S Logistics, the Clerk discerned claims against "Randstad Staffing," David Schmid, and an anonymous entity. *See* docket; *see also* doc. 1 at 1. His Amended

Complaint most clearly asserts a claim against R/S Logistics. *See* doc. 7 at 1, 7. It also identifies David Schmid and the anonymous entity. *Id.* at 2, 7. The Amended Complaint now alleges that defendants R/S Logistics and Schmid are citizens of Tennessee and Plaintiff is a citizen of Georgia. *Id.* at 2, 7. The Amended Complaint also expressly seeks more than $10,000,000 in damages. *See id.* at 8. Those allegations are sufficient, for screening purposes only, to allege that this Court has subject matter jurisdiction based on the parties' diversity of citizenship. *See, e.g.,* 28 U.S.C. § 1332(a).

 The factual allegations in his Amended Complaint state, unedited and in their entirety: "Eddie Holmes, Forklift Driver, loading Trailer, Tractor Trailer driver pull away from Dock while I was still inside loading Trailer Back out trailer with lift fell 7.5 feet." Doc. 7 at 8. That allegation does not identify what any of the named defendants did or how the entities might be responsible for the conduct in question; to be sure, defendant R/S Logistics could not, itself, pull a truck from a loading dock.[1] As the Court previously explained, the Court must dismiss a

---

[1] Holmes does not even allege—although the Court might infer—that Schmid was the driver of the truck in question. Similarly, he does not allege how R/S Logistics is implicated at all. Did it own the facility where the accident occurred? The truck in question? Did it employ the driver? The Amended Complaint provides no indication.

pleading brought *in forma pauperis*, "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* doc. 6 at 2.  Whether a pleading fails to state a claim is governed by the familiar standard applicable under Federal Rule 12(b)(6).  *See Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010).  The Supreme Court has explained that a claim "has facial plausibility" sufficient to satisfy the applicable standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  [Cit.]  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks and citations omitted).  Holmes' vague allegation suggests, at most, that some party might have been negligent.  That is simply not sufficient to state a claim.

---

*See generally* doc. 7.  While the Court construes *pro se* pleadings charitably, it "may not step into the role of *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action."  *Giddens v. Brooks Cnty., Ga.*, 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) (internal citation and quotations omitted).

Despite Holmes' failure to include sufficient facts to clearly allege that any particular defendant is liable, the Court will afford him **<u>one final</u>** opportunity to amend his Complaint. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Holmes is **DIRECTED** to file a Second Amended Complaint no later than March 24, 2023. The Clerk is **DIRECTED** to enclose a copy of Form Pro Se 1 (Complaint for Civil Case) for Holmes' convenience in preparing his amendment. Holmes is advised that this amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely—and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). He is further advised that failure to timely comply with this Order may result in dismissal of his case for failing to

obey a court order or failure to prosecute this case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 22nd day of February, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA