## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| EDDIE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-281 |
| | ) | |
| R/S LOGISTICS, *et al.*,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Proceeding *pro se*, Eddie Holmes filed what appeared to be a personal-injury negligence case. *See, e.g.,* doc. 1. The Court granted Holmes leave to proceed *in forma pauperis*. Doc. 6 at 2. He attempted to amend his complaint several times. *See* docs. 7 & 9. Because the Second Amended Complaint indicated that Holmes was not its author, the Court directed him to inform the Court whether he was assisted by a licensed attorney. *See* doc. 11. He has responded, indicating that the Second Amended Complaint was not prepared by an attorney, but was "aid[ed

---

[1] When the Clerk originally docketed this case, he interpreted Holmes' original, highly informal, pleading as asserting a claim against Randstad Staffing. *See* docket. Neither Holmes' Amended Complaint nor his Second Amended Complaint list Randstad Staffing as a defendant. *See* doc. 7 at 3, 7-8; doc. 9 at 3-4. It, therefore, appears that the Clerk's original construction, while understandable, was erroneous. He is, therefore, **DIRECTED** to **TERMINATE** Randstad Staffing as a defendant.

by] . . . a used to be law student drop out of 5 years . . . ."  Doc. 11 at 1.

That representation is sufficient to assuage the Court's concern that the

Second Amended Complaint was ghost-written by an attorney.  *See* doc.

10 at 2-4.   The Court will, therefore, proceed to screen the Second

Amended Complaint.  Doc. 9; *see* 28 U.S.C. § 1915(e).

As the Court previously explained, it must dismiss a pleading

brought *in forma pauperis*, "at any time if the court determines that . . .

the action . . . fails to state a claim upon which relief may be granted . . .

."  28 U.S.C. § 1915(e)(2)(B)(ii); *see also* doc. 6 at 2.  Whether a pleading

fails to state a claim is governed by the familiar standard applicable

under Federal Rule 12(b)(6).  *See Wilkerson v. H & S, Inc.*, 366 F. App'x

49, 51 (11th Cir. 2010).  The Supreme Court has explained that a claim

"has facial plausibility" sufficient to satisfy the applicable standard

"when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that [a] defendant is liable for the misconduct

alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The standard "asks

for more than a sheer possibility that a defendant has acted unlawfully.

[Cit.]  Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted).

Holmes' Second Amended Complaint alleges that he was employed by temporary-staffing company Randstad Staffing. *See* doc. 9 at 5. He accepted an offer through Randstad to work as a forklift operator for defendant R/S Logistics. *Id.* On May 31, 2022, Holmes was instructed by his supervisor at R/S Logistics to use a forklift to load drums onto a tractor-trailer truck. *Id.* Holmes does not know the name of the owner of the truck or the identity of its driver. *See id.* While he was loading the truck, it "began to pull away from the loading dock . . . and . . . a gap of space emerged between (a) the back of the Truck and (b) the loading dock." *Id.* Holmes alleges that he was unaware of the truck's motion, but that the gap created was sufficiently large that, when he backed the forklift up, it fell to the ground. *Id.* As a result of the fall, Holmes "suffered numerous injuries." *Id.* at 5-6.

Holmes clearly alleges that the driver's movement of the truck, prior to confirmation that the loading was complete, violated industry standards and applicable policies. *See* doc. 9 at 6. He alleges that "R/S Logistics, the [unidentified] Trucking Company, and other parties

involved in the [i]ncident . . .  owed [him] a legal duty of safety and compliance with," those standards and policies.  *Id.*  He also alleges that "[t]hese aforementioned parties breached that duty when the driver of the Truck moved the Truck prior to the forklift operator advising him that the loading of the Truck had been completed . . . ."  *Id.*

Holmes' allegations clearly implicate a negligence claim.  In federal court, such claims are governed by state law.  *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").  As summarized by a prominent treatise, "Georgia courts have consistently employed the hornbook statement of the elements of a claim for negligence: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." Charles R. Adams III, Georgia Law of Torts § 2.1 (Dec. 2022); *see also, e.g., City of Douglasville v. Queen*, 514 S.E. 2d 195, 197 (Ga. 1999).  Those

elements, therefore, determine whether Holmes has stated a claim against any of the named defendants.

Holmes' Second Amended Complaint sufficiently alleges, for screening purposes at least, that the driver of the truck was negligent in moving the truck prior to confirming that loading was complete. Given the liberal construction afforded to *pro se* pleadings, it might be construed to allege that the driver's employer, identified only as the "Trucking Company," is vicariously liable for the driver's negligence. *See, e.g.,* O.C.G.A. § 51-2-2. However, Holmes' wholly conclusory allegation that R/S Logistics and its alleged owner, defendant Schmid, breached unidentified duties is insufficient to allege that either of them breached any duty that they owed to him or that they had any relationship with the driver of the truck sufficient to impute his negligence to either of them. *See, e.g.,* O.C.G.A. § 51-2-1(a); *Govan v. United States Dept. of Veterans Affairs*, 787 F. App'x 599, 601-04 (11th Cir. 2019) (affirming dismissal, pursuant to 1915(e), for failure to sufficiently allege defendant breached any duty to plaintiff). His claim against those defendants should, therefore, be **DISMISSED**.

Holmes' failure to allege that R/S Logistics or Schmid breached any duty they owed him raises an obstacle to his claims against the anonymous trucking company and its driver.  As the Court previously explained, a plaintiff in federal court has an obligation to allege some basis for its subject matter jurisdiction.  *See* doc. 6 at 3-4.  Although Holmes' Second Amended Complaint asserts both federal question and diversity jurisdiction, *see* doc. 9 at 3, there is no plausible basis for the assertion of federal question jurisdiction, *see id.* (identifying the basis for federal-question jurisdiction as "Art[.] III. S2. Cl. 11.4 Substantive Defenses in Federal Question Cases"[2]); *see also, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (federal defenses, "even if . . . anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue," are not sufficient to confer federal-question jurisdiction).  Since Holmes has not sufficiently established the Court's federal question jurisdiction, its subject matter jurisdiction over his claims depends upon whether he has established its diversity jurisdiction.

---

[2]  The Court construes the ambiguous citation as a reference to Article III, Section 2 of the United States Constitution, which establishes the jurisdiction of federal courts. *See* U.S. Const, art. III, § 2; *see also* doc. 7 at 3-6.

Based upon the Second Amened Complaint's substantive allegations, it is far more plausible that Holmes asserts this Court's jurisdiction based upon the parties' diversity of citizenship. *See* doc. 9 at 6 (alleging "diversity of citizenship is present because Mr. Holmes . . . is a citizen of Georgia, and R/S Logistics and Mr. Schmid are citizens of Tennessee."). Assuming that his allegations of those defendants' citizenships were sufficient, he has not alleged the citizenships of either the trucking company or its driver.[3] *See generally id.* A plaintiff's jurisdictional allegations, "when federal jurisdiction is invoked based upon diversity, *must include the citizenship of each party*, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added). "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff

---

[3] Federal law establishing removal jurisdiction directs courts to disregard fictious defendants. *See* 28 U.S.C. § 1441(b)(1). In cases originally filed in federal court, based upon diversity jurisdiction, "the general rule is that the presence of fictious parties [*i.e.* unidentified parties] destroys diversity." *PNC Bank, N.A. v. H.R. United, Inc.*, 2013 WL 12166243, at *1 (M.D. Fla. June 20, 2013); *see also* 13F Arthur R. Miller Federal Practice & Procedure Jurisdiction § 3642 (3d ed. 2022) (noting "[t]he general rule . . . that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal action," and that "federal courts currently are divided on the issue of whether the amendment to Section 1441(a) should be interpreted as encouraging a new federal tolerance of Doe defendants in cases invoking original jurisdiction as well as in removed cases.").

does not cure the deficiency." *Id.*; *see also, e.g., Howell by Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (Posner, C.J.) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

Holmes will no doubt protest that he has alleged that defendant R/S Logistics has refused to provide any information about the trucking company.[4] *See* doc. 9 at 5-6. Although Holmes' ignorance concerning the identity of those parties does not excuse his obligation to establish this Court's subject matter jurisdiction, "the plaintiff should [ordinarily] be given the opportunity to discover facts that would support his allegation of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). The Court will, therefore, afford Holmes an

---

[4] He suggests that R/S Logistics' refusal to provide that information is the basis for his assertion of Schmid's liability. *See* doc. 9 at 6 (noting that he "has added Mr. Schmid . . . to the Complaint, due to the unreasonable and indeed obstructionist tactics of the employees of R/S Logistics."). Holmes has not alleged, and the Court is unaware, of any plausible legal theory that would impose a duty upon Schmid or R/S Logistics to assist Holmes in his litigation. To the extent that he asserts a claim against either on that basis, it should be **DISMISSED** as frivolous. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim "is frivolous when it lacks an arguable basis in either law or in fact.").

opportunity to serve **limited** discovery upon R/S Logistics to ascertain the identity, and citizenships, of the trucking company and the driver.

Although the Court has recommended that R/S Logistics be dismissed as a defendant in this case, the Federal Rules provide for discovery requests to nonparties. *See, e.g.,* Fed. R. Civ. P. 45. The District Court for the Northern District of Florida has explained how Rule 45 applies to a *pro se* plaintiff:

> A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval. However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff . . . [and] the production sought by Plaintiff must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena.

*Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012); *see also Alexander v. Cal. Dep't of Corrs.*, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010) ("[T]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations[,] . . . includ[ing] the relevance of the information sought as well as the burden

and expense to the non-party in providing the requested information.").
As Holmes is proceeding *pro se* and *in forma pauperis*, the Court will
authorize service of any subpoena that it deems appropriate by the
United States Marshal.  *See Miller v. White*, 2020 WL 7973849, at  *1
(C.D. Cal. Aug. 5, 2020) (citing 28 U.S.C. § 1915(d)); *Jackson v. Brinker*,
1992 WL 404537, at *1 (S.D. Ind. Dec. 21, 1992) ("[T]he Marshals Service
is required under § 1915(c) to serve an indigent party's subpoenae duces
tecum . . . ."); *cf. Wright*, 2012 WL 2945598, at *2 (instructing *pro se*
plaintiff that he will be required to pay the costs of serving any subpoenas
because he paid the filing fee and is not proceeding *in forma pauperis*).

To the extent that Holmes wishes to utilize Rule 45 to seek
jurisdictional discovery, he is **DIRECTED** to submit a proposed
subpoena requesting any information he contends is necessary to identify
and allege the citizenship of the trucking company and the driver by no
later than April 21, 2023.  The Clerk is **DIRECTED** to include a blank
copy of From AO 88B to facilitate Holmes' preparation of the proposed
subpoena.  It is Holmes' obligation to fill out the blank form subpoena,
including addressing the subpoena to the appropriate person who he
believes has the information he seeks.  If he timely submits the proposed

subpoena, the Court will review it for compliance with Rule 45 and determine whether it is appropriate for service. The Court can offer no further assistance in this regard. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts are "under no duty to provide personal instruction on . . . procedure" to *pro se* litigants because requiring otherwise "would undermine district judges' role as impartial decision makers").

In summary, Holmes' claims against R/S Logistics and David Schmid should be **DISMISSED**. He is **DIRECTED** to submit the proposed subpoena, as discussed above, no later than April 21, 2023. He is advised that failure to timely comply with the instructions in this Order and Report and Recommendation may result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 10th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA