UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EDDIE HOLMES, | ) |
| Plaintiff, | ) |
| v. | ) CV422-281 |
| R/S LOGISTICS, *et al.*, | ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Eddie Holmes filed this personal-injury negligence case arising from an incident at his former place of employment. *See* doc. 12 at 3. The Court previously recommended that his claims against defendants R/S Logistics and Schmid be dismissed for failure to state a claim. *See id.* at 5. The Court further explained that, although he plausibly stated a claim against an unidentified entity and individual, he had not adequately alleged those parties' citizenship to support this Court's diversity jurisdiction. *Id.* at 7-8. Given his apparent contention that he lacked sufficient information to allege those defendants' respective citizenships, the Court directed him to submit a proposed subpoena in support of limited jurisdictional discovery. *Id.* at 8-10. He

1

complied with that instruction and requests the Court issue his proposed subpoena. *See* doc. 14.

Holmes' proposed subpoena is directed to David Schmid at 6321 Baum Drive, Knoxville Tennessee. *See* doc. 14 at 2. It commands production of the requested documents to this Court. *Id.* The substantive requests seek production of "the contract with John Doe Company said date May/31/2022," and additional information not obviously related to any particular documents.[1] *See id.* at 1. For the reasons explained below, the Court will not authorize the issuance of the subpoena as proposed.

As the Court previously explained, it has "an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena." Doc. 12 at 9 (quoting *Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012)). Given that

---

[1] It also states that "Holmes deeply feels that Mr. Schmid [as owner] is responsible under the respondeat superior of the misconduct of his employees through this situation / that has cost Mr. Holmes a great deal." Doc. 14 at 1. The relevance of Holmes' assertion to the subpoena request is not clear. The Second Amended Complaint does not include any allegation that plausibly implicates negligence by any employee of R/S Logistics, much less any employee of Schmid personally. *See* doc. 9 at 5-6. To the extent that Holmes intends his statement as an objection to the undersigned's recommendation that his claims against Schmid be dismissed, *see* doc. 12 at 5, to properly assert them he must comply with the instructions for submitting such objections to the District Judge, *see id.* at 11-12.

obligation, the most obvious defect[2] in Holmes' proposed subpoena is that it exceeds Rule 45's geographical limits. Subpoenas seeking the production of documents, *i.e.* subpoenas *duces tecum*, may "command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the [recipient] resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A). The Court takes judicial notice of the fact that it lies considerably more than 100 miles from Knoxville, Tennessee. *Cf. U.S. Bank National Association v. Dernier*, 2020 WL 3881412, at *3 (D. Vt. July 9, 2020) (taking judicial notice of distance to conclude that enforcement of subpoenas was inappropriate, pursuant to Rule 45(c)(2)(A)); *see also In re: Subpoena Upon Nejame Law, PA*, 2016 WL 3125055, at *3 (N.D. Ill. June 3, 2016). Since the proposed subpoena, on its face, would exceed Rule 45's geographical limitations, the Court declines to issue it. Holmes' Motion is **DENIED**. Doc. 14.

---

[2] The Court notes that several of Holmes' proposed requests seek information and not "documents, electronically stored information, or other tangible things." Fed. R. Civ. P. 45(a)(1)(A)(iii). To the extent that Holmes intends to request documents containing the information requested, he is free to clarify his request if he renews his request for a subpoena as provided below.

Although the proposed subpoena cannot be issued, Holmes might be able to correct the defect. Holmes is **DIRECTED** to submit a proposed subpoena requesting information he contends is necessary to identify and allege the citizenship of the trucking company and the driver he contends are liable for the injuries he suffered from the alleged incident by no later than May 8, 2023. The Clerk is **DIRECTED** to include a blank copy of form AO 88B to facilitate Holmes' preparation of the proposed subpoena.[3]

**SO ORDERED,** this 25th day of April, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Although the Court cannot provide substantive legal advice, Holmes' subpoena must comply with *all* the requirements imposed by Rule 45. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (requiring *pro se* litigants to follow procedural rules). The Federal Rules of Civil Procedure may be accessed through the United States Courts' website, at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.