# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| EDDIE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-281 |
| | ) | |
| R/S LOGISTICS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Eddie Holmes filed this case alleging he was injured at a temporary job as a forklift driver. *See* doc. 8 at 1-2. A subsequent amendment clarified his allegations. *See* doc. 12 at 3. Charitably construed, Holmes alleged a negligence claim against an unidentified trucking company and its employee but did not adequately allege any claim against his employer, R/S Logistics, or its alleged owner, Schmid. *See id.* at 5. Since this Court's diversity jurisdiction, to the extent that it was alleged at all, depended upon the citizenship of those defendants, the Court afforded Holmes an opportunity to conduct jurisdictional discovery to determine the citizenship of the unidentified company and employee. *See id.* at 6-11. A subpoena, pursuant to Rule 45, was served upon R/S Logistics seeking information about the identity of those parties. *See,*

1

*e.g.,* doc. 24 at 1-2.  Once the deadline for compliance with that subpoena expired, the Court directed Holmes to submit an amended Complaint establishing this Court's jurisdiction.  *See id.* at 2.  Holmes has filed his Amended Complaint, *see* doc. 25-1, however, as discussed below, Holmes has not alleged any basis for this Court's jurisdiction.  Therefore, this case should be **DISMISSED**.

Although Holmes complied with the letter of the Court's prior instruction, the document he submitted is not an amendment of his claims against the unidentified trucking company and its employee.  The Amended Complaint first alleges that R&S Logistics did not produce documents in response to the subpoena.[1]  *See* doc. 25-1 at 1.  It also

---

[1] The Court's Order authorizing the subpoena, as prepared by Holmes, was explicit that he was "responsible to be present [at the Court, which he listed in the subpoena as the place of production,] at the time of production to receive" the documents.  Doc. 17 at 6 n. 3.  He was explicitly advised that the produced documents would not be filed.  *Id.*  Moreover, the undersigned has received a courtesy copy of the responses from R&S Logistics' counsel representing that the documents "will . . . be hand-delivered on June 14, 2023 at 9:00 AM to the United States District Court at 8 Southern Oaks Ct., Savannah, GA 31405," as required by the subpoena.  *See* doc. 18 at 2.  If Holmes ignored the Court's instructions and failed to make arrangements to receive documents produced *as he requested*, that does not constitute a "failure" by R&S Logistics.  If Holmes contends that he was present to receive the documents and they were not delivered, he is free to explain the steps he took in any objection he files to this Report and Recommendation.  However, as discussed below, the content to Holmes' Amended Complaint appears to abandon any claim against the anonymous company or its employee in favor of a wholly novel claim against an individual who appears to be an employee of R&S Logistics.  *See* doc. 25-1.  Since the Amended Complaint does not allege any basis for this Court's jurisdiction, any dispute concerning compliance with the subpoena is moot.

asserts that his "health and life are not frivolous [and] it's a up to a jury [sic] to decide what is frivolous or not." *Id.* Finally, it suggests that the District Judge's "dississal [sic] of the parties responsible for the actions of there [sic] employee is ludacris[,]" and objecting, apparently, to the fact that the District Judge's signature block does not include his title. *See id.* None of that commentary is relevant to the sufficiency of Holmes' pleading.

To the extent that Holmes' Amended Complaint is a "complaint" within the meaning of Rule 8 of the Federal Rules of Civil Procedure, it appears to assert negligence claims against a "Mr. Payne," who is otherwise unidentified.[2] *See* doc. 25-1 at 2. He cites to a Georgia statute concerning drivers' obligation to immediately report motor vehicle accidents. *See id.* (citing O.C.G.A. § 40-6-273). He also cites "OC Code 16-10-24." *Id.* Assuming that he intended to cite the Official Code of Georgia ("O.C.G.A."), the cited section is a criminal prohibition on "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer . . . . in the lawful discharge of his or her official duties

---

[2] Payne was previously identified, in a document characterized as a "Motion for Summary Judgment." *See* doc. 21 at 1. There he is identified as "the operations manager," presumably of R&S Logistics. *Id.*

. . . ." O.C.G.A. § 16-10-24(a).  Any relevance of that section to the instant civil action is entirely obscure.  Finally, Holmes "also request[s] that Mr. David Schmid (Owner of Company) be held under the respondeat superior for the misconduct of his employee." *Id.*  He appears to request a jury trial.  *See id.* (citing "28 USC App Fed R Civ P 38," and the Sixth and Seventh Amendments to the Constitution).

As this Court has explained to Holmes, "[f]ederal cours are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and he bears the burden of establishing the grounds for this Court's jurisdiction, *see, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  *See also* doc. 6 at 3-4.  This Court might have jurisdiction over a case based on its presentation of a federal question, 28 U.S.C. § 1331, or based on the parties' diversity of citizenship, 28 U.S.C. § 1332.  Since the Amended Complaint does not allege a violation of any federal statute or constitutional provision, the only plausible basis for this Court's jurisdiction is the parties' diversity of citizenship.  To establish diversity jurisdiction, a complaint must allege that "no defendant . . . [is] a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420

F.3d 1234, 1239 (11th Cir. 2005) (citations omitted).   There is no allegation in the Amended Complaint addressing *any* parties' citizenship.[3] Since Holmes has failed to adequately plead any basis for this Court's jurisdiction, despite multiple opportunities to amend and the opportunity to conduct jurisdictional discovery, this case should be **DISMISSED**.   Fed. R. Civ. P. 12(h)(3); *see also, e.g., Amerisure Mut. Ins. Co. v. Mammoth Constructors, LLC*, 2023 WL 1824981, at *1 (M.D. Fla. Feb. 8, 2023) (dismissing Complaint for its failure to plead complete diversity of the parties' citizenship).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[3] To the extent that Holmes' prior pleadings allege, even if only in a conclusory fashion, the citizenships of Schmid and R&S Logistics, *see* doc. 9 at 3-4, 6, those pleadings have been superseded by his Amended Complaint, doc. 25-1.   *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal quotation marks, alterations, and citation omitted)).   However, even assuming that the Court could consider those allegations—and it cannot, *see, e.g., Peeers v. Brown*, 2023 WL 3613667, at *2 (11th Cir. May 24, 2023) (leniency afforded to *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.")—the failure to allege Perry's citizenship would remain a fatal jurisdictional defect.

parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>10th</u> day of July, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA