IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EDDIE HOLMES, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV422-281
 )
JOHN DOE and JOHN M. MILLKEY, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's July 11, 2023, Report and Recommendation (Doc. 26), to which Plaintiff Eddie Holmes has filed an objection (Doc. 28). After a careful review of the record,[1] Plaintiff's objection is **OVERRULED** (Doc. 28), and the report and recommendation (Doc. 26) is **ADOPTED** as the Court's opinion in this case, as modified below.

Plaintiff has now filed numerous complaints with varying versions of the claims that he asserts. (See Docs. 1, 7, 9, 21, 25, 27.) None of them states any claim upon which relief can be

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

granted. In the report and recommendation, the Magistrate Judge explained that Plaintiff again failed to allege any sufficient basis for this Court's subject matter jurisdiction. (Doc. 26 at 4-5.) In the objection, Plaintiff states for the first time that his "Complaint states a claim for declaratory and injunctive relief under 42 U.S.C. 1983 . . . ." (Doc. 28 at 1.) None of Plaintiff's prior pleadings sought such relief, nor could they as § 1983 liability is limited to persons acting under color of state law, not private parties. See 42 U.S.C. § 1983. Accordingly, the Magistrate Judge correctly concluded that Plaintiff's failure to allege any basis for this Court's jurisdiction mandates dismissal. See, e.g., Fed. R. Civ. P. 12(h)(3).

Plaintiff's objection that the jurisdictional discovery permitted by the Magistrate Judge was ineffective is entirely meritless. Plaintiff contends that he understood the subpoena served upon R&S Logistics to require its response "electronically," and he "assumed the information would be at the court house." (Doc. 28 at 2.) Whatever Plaintiff's subjective beliefs, the Magistrate Judge was explicit in explaining Plaintiff's responsibilities when he approved the subpoena. (See Doc. 17 at 6 n.3.) The Magistrate Judge explained that Plaintiff was "responsible <u>to be present</u> at the time of production to receive" the subpoenaed documents (<u>Id.</u> (emphasis added).) The Magistrate Judge was equally explicit that the documents "should

2

not be filed with the Court." (Id.) Whatever "miscommunication" Plaintiff suffered concerning the subpoena, it was entirely his responsibility.

Finally, Plaintiff requests that his "medical amendment complaint should be respected." (Doc. 28 at 2.) The document he apparently refers to was submitted after the Magistrate Judge's report and recommendation was filed. (See Doc. 27.) However, even if the Court considered that document, like every previous pleading he has submitted, it contains no allegation sufficient to establish this Court's subject matter jurisdiction. (See Doc. 27 at 1.) As discussed above, Plaintiff's persistent failure to assert any basis for this Court's jurisdiction requires dismissal.

As the Eleventh Circuit has explained, "[w]hen a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists." See, e.g., Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). "[I]f a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." Id. at 1269. Because

Plaintiff has persistently failed, despite numerous opportunities, to allege any fact that assures this Court it has jurisdiction, his case must be, and is, **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 7th day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA